STERN and others *vs.* FISHER and HAMBURGER.

HERMAN and others *vs.* THE SAME.

FALKENSTEIN and others *vs.* THE SAME.

A clause, in an assignment of property in trust for the benefit of creditors, which directs the assignee " to sell and dispose of the property and convert it into money, but not upon credit," does not render the assignment void.

Where a creditor whose debt is preferred, in an assignment, holds securites for the payment of his debt, it is proper that the assignment should mention that fact; but an omission to refer to it is not inconsistent with entire honesty and good faith.

THESE suits were brought for the purpose of setting aside an assignment made by the defendant Fisher, for the benefit of creditors.

*Benedict & Boardman,* for the plaintiffs Stern and others.

*Hull* and *Stocker,* for the plaintiffs Herman and others, and Falkenstein and others.

*Wm. M. Evarts* and *R. M. Harrington,* for the defendants.

LEONARD, J.   The object of these actions is to have an assignment, made by the defendant Fisher to the defendant Hamburger for the benefit of creditors, containing certain preferences alleged to be fraudulent, declared void.   It is insisted that the assignment is also void for matter apparent on its face, under recent decisions in this state.   The several complaints are on behalf of judgment creditors, having executions returned unsatisfied.

The assignment directs the assignee to " sell and dispose of the property, and convert it into money, but not upon credit."   The restraint upon the discretion of the assignee in respect to giving credit, it is insisted, is unlawful, within the meaning of the decisions declaring such instruments to be void, where they authorize the assignee to sell upon a credit.

I am unable, however, to view the provision in question in that light.   No decision has as yet come to my knowledge, that interferes with the right of the assignor to direct the trustee

to convert the assigned estate into cash. The words complained of in this case, "*but not upon credit,*" add nothing to the previous direction to sell and convert the estate into money. In effect the estate is to be got into cash without delay. A direction to sell on a credit might operate to hinder or delay creditors, but it is not easy to see how the same argument is to prove that the contrary course would have that result. The words in question are unnecessary; but they do not, as I conceive, render the instrument void.

The preferences complained of are in favor of the defendant Hamburger for $1775, and of G. Rosenblatt & Brothers for $900. These demands are alleged to be fictitious. The evidence on the part of the plaintiffs raised some doubt as to the good faith of these demands, but there was not, at any time during the trial, such a case made out against the defendants as rendered these suspicions grave certainties. The evidence, I think, establishes that the defendant Hamburger held the note of Fisher for money loaned, on which there was actually due at the time the assignment was made $1675 for principal and interest, and that the further sum of $100 was loaned by Hamburger to Fisher, to relieve his immediate necessities, just before the assignment was executed.

As to the preference in favor of Rosenblatt & Brothers, it is proven that they exchanged their note for $920 with Fisher, which had not matured when the assignment was made. That Fisher had obtained a discount at bank of his own note, having deposited the said note of Rosenblatt & Brothers, and another note for about $700, loaned to Fisher by Stross & Brothers, as collateral security for the discount.

When Fisher exchanged notes with Rosenblatt & Brothers, or shortly thereafter, he deposited with them, as security for the payment of his own note to them, certain business paper to the amount of $814, which had not matured at the time the assignment was executed. No reference was made to these securities in the assignment.

The debt due to Hamburger was not entered on Fisher's

account books, and this circumstance, together with some whispering between Fisher and Hamburger in respect to the loan of $100, induced the clerk of Fisher, who was principally relied on by the plaintiffs to prove the case for them, to suspect the good faith of the preference. This clerk also knew that Rosenblatt & Brothers had security for the payment of the note for $920 to the extent of $814, and the preference of the sum mentioned in the assignment in their favor without any reference to the securities which they held, afforded also some reasonable grounds for suspicion as to the nature of this transaction. It would have been a very proper course for the assignment to have mentioned the securities held by Rosenblatt & Brothers, which would have discharged the preference in their favor, if paid. It is not, however, inconsistent with entire honesty and good faith to have omitted any reference to the subject. The securities were not certain to be paid, but if they were paid, the debt was extinguished to that extent. If they were not paid, Rosenblatt & Brothers were justly entitled to payment out of the assigned estate.

There does not appear to have been any act or declaration of Fisher or of Rosenblatt & Brothers, showing an intent to collect the securities, and also to hold the preference. There was no concerted action between the parties previous to the assignment, as would probably have been the case had the parties designed to defraud. The carelessness with which the assignment was prepared and executed as between the defendants, in respect to this preference and the securities which Rosenblatt & Brothers held, gave rise to reasonable doubts on the part of creditors as to the good faith of the parties, and sufficiently justifies the appeal to the court to make inquiry as to the alleged fraud, and warrants a denial of costs to the defendants on dismissing the complaints in these actions.

The complaints are therefore dismissed without costs to either party as against the other.

[New York Special Term, April 27, 1860. *Leonard*, Justice.]